FILED

2023 Feb-23  PM 01:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

NITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| CLAYBORN DEE REAVES, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  3:22-cv-0544-LCB** |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Clayborn Dee Reaves, proceeding pro se, filed a complaint on April 29, 2022, against Ford Motor Company stemming from an alleged injury he sustained while working on a vehicle.  (Doc. 1).  Noting the sparseness of Reaves's complaint, the Court granted him leave to amend.  (Doc. 13).  However, based on Reaves's history of filing duplicative lawsuits, the Court warned that he would not be given further leave to amend absent extraordinary circumstances.  *Id.*  Reaves filed an amended complaint on August 19, 2022.  (Doc. 16).  Ford has moved to dismiss Reaves's complaint pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 18).  For the reasons that follow, Ford's motion is due to be granted.

### I.  Background

On April 29, 2022, Reaves initiated this lawsuit by filling out the Court's standard form entitled "Pro Se General Complaint for a Civil Case" on which he

indicated that the Court had jurisdiction based on a constitutional or federal question. (Doc. 1 at 3). In the space provided for listing the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Reaves wrote: "Attorneys been busy." *Id*. Reaves also attached a document entitled "Statement of Claim" in which he described various treatments and prognoses he has received for a leg injury. He then stated: "I feel Ford Motor Company is liable and responsible for the accident that occurred." *Id.* at 5. Although the "Statement of Claim" did not describe any accident, Reaves wrote the following in the space provided for an explanation of the relief sought: "That I be [illegible] on my permanent injury where a 1996 Ford Explorer popped out of park and injured my leg." *Id*. at 6.

On July 20, 2022, the Court entered an order explaining, among other things, that Reaves's complaint appeared to allege a products liability claim against Ford. The Court granted him leave to amend or to otherwise respond by August 19, 2022. Reaves filed his amended complaint on August 19, 2022. (Doc. 16). The amended complaint consists of the Court's standard form for initiating a pro se complaint, two copies of the Court's July 20, 2022 order, and two copies of a handwritten letter responding to that order.[1] He also included a page listing the styles of five lawsuits

---

[1] Reaves also filed an identical letter as a response to the Court's order on August 3, 2022. (Doc. 14).

he has filed in this Court.  The Court will construe the entirety of Doc. 16 as Reaves's amended complaint.

## II. Jurisdiction

Despite Reave's contention, it is apparent that this case does not present a federal question or in any way implicate the United States Constitution.  Rather, it appears to be a straightforward products-liability claim asserted under state law.  Thus, the Court would have subject-matter jurisdiction only if the parties are of diverse citizenship.  *See* 28 U.S.C. 1332(a)(1)("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States.").

In his complaint, Reaves listed his address as being in Colbert County, Alabama and Ford's address as being in Wayne County, Michigan.  Reaves also asserted that he was seeking "$75,000 for all [his] pain and suffering, or a reasonable amount."  (Doc. 1 at 5).  Although Reaves asks for exactly $75,000 when 28 U.S.C. § 1332 provides that diversity jurisdiction exists only when the amount in controversy "*exceeds* the sum or value of $75,000," it does not appear to a legal certainty that his claim is for less.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.").  Additionally, the Eleventh

Circuit has held that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).   In his amended complaint, Reaves alleged that he sustained a permanent injury to his leg in addition to any treatment he has already received.  (Doc. 16 at 14).  Based on those allegations, the Court finds that the amount in controversy is met and, therefore, has diversity jurisdiction over this case.

## III.    Legal Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 679.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting, in part, Fed. R. Civ. P. 8(a)(2)).  Thus, the Supreme Court has "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in

the complaint that are merely legal conclusions; and 2) where there are well-pleaded

factual allegations, 'assume their veracity and then determine whether they plausibly

give rise to an entitlement to relief.'"  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d

1283, 1290 (11th Cir. 2010) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 567

(2007)).

**IV.    Reaves's amended complaint fails to state a claim for which relief can be granted.**

Reaves's amended complaint begins with the form complaint noted above.

On that form, Reaves listed the parties, alleged by checkmark that the Court has

federal question jurisdiction, and, under the section entitled "Relief," stated: "I have

a conflict of interest with Judge Liles C. Burke.  Asking the Court for another judge

to listen to my case."[2]  (Doc. 16 at 5).  No other information was included on the

form.  However, Reaves attached a letter to his amended complaint containing

additional allegations.  The first page of Reaves's letter takes issue with the Court's

July 20, 2022 order regarding the merits of his previous lawsuits.  As Reaves himself

recognized, "all this is irrelevant."  (Doc. 16 at 14)(emphasis in original).

However, Reaves did include some factual allegations.  Eliminating

conclusory language and other irrelevant statements, Reaves alleged as follows:

> "[T]he car popped out of gear and ran over me[.] I could have been
> killed and I have a permanent injury on my leg.  I have sent medical
> records to Ford Motor Company's attorney.  [The Court] states I did

---

[2] The Court previously denied Reaves's motions requesting recusal.  (Docs. 13 & 17).

not say when the accident occurred and who owned [the vehicle.]  It was my car and I had sent all that 4-30-22 accident happen I contacted Jessica Clark Claim Rep.  Ford Motor Company should have sent all the papers to the attorneys….  My doctor stated I have a permanent injury, and my leg may never be the same again."

*Id.* at 14-15.  Reaves concluded the amended complaint by stating that he notified Ford he was requesting a jury trial and that he "did send their attorney back all the info they requested…."  Reaves did not describe what information Ford requested, and there are no other factual allegations in the amended complaint.

Products liability actions in Alabama are governed by the Alabama Extended Manufacturer Liability Doctrine, ("AEMLD").  "The AEMLD is a judicially created accommodation of Alabama law to the doctrine of strict liability for damage or injuries caused by allegedly defective products."  *Keck v. Dryvit Sys., Inc.*, 830 So. 2d 1, 5 (Ala. 2002).  To succeed on an AEMLD claim, a plaintiff must "affirmatively show a defect in the product" and "that the defect caused the injury."  *Verchot v. Gen. Motors Corp.*, 812 So. 2d 296, 301 (Ala. 2001)(quotation marks omitted); *see Sears, Roebuck & Co., Inc. v. Haven Hills Farm, Inc.*, 395 So. 2d 991, 995 (Ala. 1981) ("The burden of proof rests with the injured consumer to prove that the product left the defendant's control in an unreasonably dangerous condition not fit for its expected use, and that which rendered the product in such an unfit condition in fact caused the injury.").  Although Reaves did not specifically allege what defect

6

he believes caused the accident, such an allegation is not required. *See Goree v. Winnebago Indus., Inc.*, 958 F.2d 1537, 1541 (11th Cir. 1992)("A plaintiff does not have to establish the specific defect that caused his injury, only that the product was unreasonably dangerous."); *McDaniel v. Mylan, Inc.*, No. 7:19-CV-00209-LSC, 2019 WL 11638407, at \*6 (N.D. Ala. Dec. 16, 2019)("[P]roof of the specific manufacturing error is not a required element of the [AEMLD] claim.").

In discussing the elements of AEMLD claims, the Alabama Supreme Court has held:

> In order to establish liability under the AEMLD, a plaintiff must show the following:
>
> "(1) [that] he suffered injury or damages to himself or his property by one who sold a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if
>
>> (a) the seller is engaged in the business of selling such a product, and
>>
>> (b) it is expected to, and did, reach the user or consumer without substantial change in the condition in which it was sold."

*Beam v. Tramco, Inc.*, 655 So. 2d 979, 981 (Ala. 1995), quoting *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala.1976).

Reaves's complaint falls well short of the pleading standard. Although he alleged an injury, the only allegations related to the vehicle are that it "popped out of gear." Without more, that allegation does nothing to put Ford on notice as to what it must defend. Further, Reaves did not allege that the vehicle was expected to, and

did, reach him without substantial change in the condition in which it was sold. Though he does not include any information about the vehicle in his amended complaint, Reaves did allege in his original complaint that the subject vehicle was a 1996 Ford Explorer.   A complaint alleging a defect in a vehicle that was manufactured more than 20 years before it was filed should contain some allegation regarding the present condition of the vehicle and whether it has been modified or damaged in the intervening decades.  Reaves has not done so.

The Court also notes that Reaves does not clearly state when the accident occurred.  As noted, his amended complaint contained the following, somewhat confusing, sentence: "It was my car and I had sent all that 4-30-22 accident happen I contacted Jessica Clark Claim Rep." (Doc. 16 at 14).  Given that Reaves filed his complaint on April 29, 2022, it would be impossible for the accident to have occurred the next day.  The sentence could also mean that Reaves sent his medical records and other information to Ford on April 30, 2022.  Nevertheless, it is confusing and prevents the Court from accurately determining when Reaves claims the accident occurred.   Therefore, it is impossible to know whether Reaves's AEMLD claim was timely filed.

While the Court may give some leeway to a pro se litigant, it cannot add something to his compliant that is simply not there.  Having assumed Reaves's factual allegations to be true, the Court nonetheless finds that he has failed to state a

8

claim for which relief can be granted.  Reaves few factual allegations do not permit the Court to infer more than the mere possibility of misconduct.  Accordingly, Ford's motion to dismiss is due to be granted.

## V. Motions to Strike

Reaves filed a sur-reply to Ford's reply in support of its motion to dismiss. (Doc. 24).  Ford moved to strike that sur-reply on the ground that Reaves failed to seek the Court's permission to file it.  (Doc. 25).  Reaves filed a response to that motion (Doc. 26), and Ford then moved to strike that response as well.  (Doc. 27). The Court did not consider either of these filings in reaching its decision on the motion to dismiss.  Nevertheless, the motion to strike the sur-reply (Doc. 25) is **GRANTED** because Reaves did not seek permission to file it.  The motion to strike Reaves's response to Ford's motion to strike (Doc. 27) is therefore **MOOT**.

## VI.   Conclusion

For the foregoing reasons, Ford's motion to dismiss (Doc. 18) is **GRANTED**, and this case is hereby **DISMISSED WITH PREJUDICE**.  A separate, final judgment will be entered.

**DONE** and **ORDERED** February 23, 2023.

_____

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE